IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CITY NATIONAL BANK OF FLORIDA | CIVIL ACTION NO. |
| | JUDGE |
| | MAGISTRATE |
| Versus | FRCP Rule 9(h) Claim |
| CROSBY MARINE TRANSPORTATION, LLC; CROSBY DREDGING, LLC; CROSBY TUGS, LLC KURT J. CROSBY; and, CROSBY ENTERPRISES, LLC *in personam*; and the following documented vessels, with their engines, machinery, equipment, fixtures, appurtenances, etc., *in rem* MR. FARREL (Official No. 523548) JAMES CHRISTOPHER (Official No. 593990) SIMON MATTHEW (Official No. 637607) CROSBY QUEST (Official No. 630334) CROSBY TRINITY (Official No. 575314) CAPT. WEBSTER (Official No. 1217894) CROSBY CARRIER (Official No. 1163372) HOYT CHRISTOPHER (Official No. 643266) CAPT KENT (Official No. 628729) CROSBY TIDE (Official No. 1078379) MYLES FRANCIS (Official No. 622585) CROSBY COURAGE (Official No. 580561) CROSBY SKIPPER (Official No. 1099759) CROSBY ENDEAVOR (Official No. 571494) | |

1

Exhibit 1

## STIPULATION FOR SETTLEMENT

This STIPULATION FOR SETTLEMENT (the "Agreement") is made between City National Bank of Florida ("CNB"); the in personam Defendants Crosby Marine Transportation, LLC ("Crosby Marine Transportation"), Crosby Dredging, LLC ("Crosby Dredging"), Crosby Tugs, LLC ("Crosby Tugs"), Kurt J. Crosby ("Kurt Crosby"), and Crosby Enterprises, LLC ("Cosby Enterprises"; all collectively referred to as "Crosby"); and the in rem Defendants with their engines, machinery, equipment, fixtures, appurtenances, etc.: MR. FARREL (Official No. 523548), JAMES CHRISTOPHER (Official No. 593990), SIMON MATTHEW (Official No. 637607), CROSBY QUEST (Official No. 630334), CROSBY TRINITY (Official No. 575314), CAPT. WEBSTER (Official No. 1217894), CROSBY CARRIER (Official No. 1163372), HOYT CHRISTOPHER (Official No. 643266), CAPT KENT (Official No. 628729), CROSBY TIDE (Official No. 1078379), MYLES FRANCIS (Official No. 622585), CROSBY COURAGE (Official No. 580561), CROSBY SKIPPER (Official No. 1099759), CROSBY ENDEAVOR (Official No. 571494) (collectively referred to as "the Vessels"). Crosby and the Vessels are collectively referred to as "the Defendants." CNB and Defendants are each referred to as a "Party," and collectively as the "Parties." Capitalized terms herein shall have the same meaning as defined terms in the Verified Complaint. The Parties hereto have amicably agreed to resolve their differences and hereby agree as follows:

Exhibit 1

1. This Stipulation shall be effective upon entry of an Order approving same and following execution by all signatories identified below.

2. Defendants admit the allegations of the Verified Complaint and hereby waive any and all defenses, claims, counterclaims, setoff or recoupment. Defendants further agree that service has been accepted on all Defendants (both *in personam* and *in rem*) and that all Vessels named in the Verified Complaint are deemed arrested whether they were in fact arrested or not by the U.S. Marshal or his deputy.

3. Amounts Due. Defendants admit that the following sums are due on the Loans as of January 26, 2026:

    | Loan | 43301 | 43302 | 43303 | 43304 |
    |---|---|---|---|---|
    | Principal | $8,282,728.03 | $3,007,466.55 | $626,918.25 | $5,877,021.28 |
    | Interest (note rate) | $143,408.55 | $66,607.98 | $13,929.94 | $139,474.80 |
    | Interest (default rate 1/12/26) | $49,098.17 | $20,467.48 | $4,273.49 | $41,726.85 |
    | Late fees | $231,057.26 | $93,288.92 | $8,478.47 | $166,140.78 |

    CNB shall also be entitled to collect survey expenses (currently estimated at $35,000) plus all its attorney's fees and costs in connection with each loan default, the filing and prosecution of this action and the costs associated with the arrest, storage and maintenance of each vessel.

4. Defendants shall make the following payments (to be applied by Lender to the Loans in its sole and absolute discretion), there being no grace period for failure to make payment:

    a. Crosby shall pay CNB the sum of $750,000.00, no later than February 2, 2026.

    b. Crosby shall pay CNB the sum of $329,487.36 no later than February 26, 2026.

Exhibit 1

c. Crosby shall pay CNB the sum of $329,487.36 no later than March 26, 2026.

   d. Crosby shall pay the entire outstanding indebtedness to CNB by no later than April 26, 2026.

   e. Crosby shall pay CNB a $45,000 forbearance fee at the earlier April 26, 2026 or at time of full payoff.

   f. Crosby shall pay CNB all survey related expenses (currently estimated at $35,000) at the earlier of April 26, 2026 or at time of full payoff.

5. Crosby is presently marketing for sale certain vessels that are the subject of this action that shall be sold by the following deadlines:

   | Vessel Name | Asking Price | Sale Closing Deadline |
   | --- | --- | --- |
   | Simon Matthew | $750,000 | February 20, 2026 |
   | James Christopher | $1,800,000 | February 26, 2026 |
   | Capt. Webster | $2,200,000 | March 15, 2026 |
   | Crosby Quest | $2,000,000 | March 31, 2026 |
   | Crosby Trinity | $2,500,000 | April 15, 2026 |

   The foregoing vessel sale deadlines are subject to a 10-day grace period, with no further notice or opportunity to cure.

6. At the closing of each vessel sale, CNB shall directly receive from the closing agent 100% of all net sale proceeds. Crosby shall present a Bill of Sale, a Purchase Agreement and final closing statement to CNB prior to closing. CNB shall have the right to approve or reject, in its sole and absolute discretion, the sale price of any vessel and/or any expense or deduction from the gross sale proceeds. Upon payment in full for each such

Exhibit 1

vessel, CNB shall deliver a partial satisfaction of mortgage, satisfying the lien in connection with that particular vessel, and no other.

7. Required payments described in Section 3, above, may not be paid from the proceeds of vessel sales. Vessel sale proceeds are in addition to the required payments described in Section 3. Crosby cannot receive any proceeds from the sale of a vessel, either as reimbursement, for any payment made to CNB, or otherwise. There is no grace period for payments required under this Agreement.

8. The highest default rate allowed by law applies to the entire outstanding indebtedness commencing on the original date of default and continuing to accrue until full payoff of the entire indebtedness. However, default interest is waived upon full and timely compliance with this Agreement. Notwithstanding, CNB shall collect standard note (non-default) rate interest, late fees and all other charges under the loan documents.

9. The entire outstanding indebtedness due from Crosby to CNB, including all interest, attorneys' fees, costs, expenses of the vessel arrest and maintenance is due and payable in full on or before April 26, 2026.

10. Guarantor(s) hereby reaffirm all obligations under each guaranty in connection with the subject indebtedness and further guarantee all payments under this Agreement.

11. Representations and Warranties and Agreements. Defendants represent and warrant, covenant and agree, as applicable, as follows:

    a. The Loan Agreements are valid and enforceable and continue to secure the payment obligations thereunder and under this Agreement until all required payments are made and satisfied;

Exhibit 1

b. No interest payment made or to be made to CNB has resulted or will result in the computation or earnings of interest in excess of the maximum lawful rate;

c. This Agreement is a valid, binding and enforceable obligation of Defendants and does not violate any law, rule, regulation, contract or agreement otherwise enforceable by or against Defendants;

d. Each Defendant has engaged an attorney in connection with the preparation and review of this Stipulation, has had the opportunity to discuss with an attorney the meaning and effect of this Agreement, has carefully read and understood the scope of each provision contained herein, and has not relied upon any representation or statement made by CNB or by any representative of CNB regarding the subject matter, basis or effect of this Agreement;

e. Defendants execute this Agreement as a free and voluntary act, without any duress, coercion or undue influence exerted by or on behalf of CNB or any other party, and have received actual and adequate consideration to enter into this Agreement; and

f. All necessary actions have been taken to authorize the execution and delivery of this Stipulation and the transactions contemplated hereby.

11. **Defendants' Release of CNB.** Defendants hereby release CNB, including its principals, directors, owners, members, related entities, representatives, employees, agents, and attorneys (collectively, "CNB"), from any and all claims debts, sums of money, accounts, reckonings, bonds, bills, specialties, liabilities, obligations, offsets, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments,

Exhibit 1

executions, claims, and demands whatsoever, in law or in equity, whether known or unknown, whether liability be direct or indirect, whether damages be liquidated or unliquidated, whether presently accrued or to be accrued, whether absolute or contingent, whether foreseen or unforeseen, and whether or not heretofore asserted, that Defendants ever had, now have, or which any Defendant can, shall, or may have, against CNB, from the beginning of time through the date of this release.

12. Stay of Lawsuit. The Parties shall file this Stipulation with the Court along with a joint motion seeking approval of this Stipulation and requesting the Court to stay this action for a period of 90 days (until April 26, 2026) and requesting that the Court appoint Kurt J. Crosby and Crosby Marine Transportation, LLC, as joint substitute custodian over all of the Vessels, all of which Defendants agree have been served and all of which are deemed to have been arrested. Crosby shall fully cooperate and execute all documents reasonably necessary to effect same and shall fulfill all responsibilities in connection with serving as substitute custodian.

13. Default and Remedies. If Defendants fail to comply with any terms of this Stipulation or any of the underlying Loan Agreements, time being of the essence, CNB, upon the filing of an affidavit of default, shall be entitled to the immediate entry of a final judgment against Defendants for all relief sought in the Verified Complaint, less sums received pursuant to this Agreement. In addition, Defendants shall forthwith cause all Vessels, their engines, freight, tackle, appurtenances, apparel, etc. and other property aboard said vessels and appurtenances, in rem to be immediately turned over to CNB, that judgment be rendered in favor of CNB and against Defendants in the full amount owed to CNB and the Vessels

Exhibit 1

shall be condemned and sold at judicial auction or in such as manner as CNB elects to satisfy the judgment to be entered in favor of CNB in the full amount of its claims, together with interest, costs and attorneys' fees as set forth above.

14. Bankruptcy, Insolvency Proceeding and Assignment for Benefit of Creditors, etc. Defendants, individually, in their respective capacity as a borrower, guarantor or both, each represent to CNB as follows: As of the date hereof, (i) none of the Defendants has an intent to file any voluntary petition in bankruptcy under any chapter of the Bankruptcy Code or in any manner to seek relief, protection, reorganization, liquidation, dissolution or similar relief for debtors under any local, state (including an assignment for benefit of creditors proceeding), federal or other insolvency laws or laws providing for relief of debtors, or in equity (a "Bankruptcy Case"), or directly or indirectly to cause any other person to file a Bankruptcy Case, (ii) each Defendant has no intent to directly or indirectly cause any Bankruptcy Case to be filed against any of the Defendants or directly or indirectly to cause any of the Defendants to become the subject of a bankruptcy case at the present time, or (iii) to the best knowledge and belief of each Defendant, no third party has threatened the filing of any involuntary Bankruptcy Case against it. In the event of a bankruptcy filing in connection with any Defendants or any of the Vessels, CNB shall be entitled to the immediate relief from the automatic stay to proceed with the arrest and sale of the Vessels and for entry of final judgment in favor of CNB as provided herein.

15. Revival. If CNB is required to disgorge any part or all of payments contemplated hereunder as a result of any Defendant filing a bankruptcy petition or assignment for the benefit of creditors or any other reason, CNB's claim for all amounts payable under the Loan

Exhibit 1

Agreements, including all attorneys' fees, interest, default interest, expenses and advances from the date of disgorgement to the date of payment in full of all such amounts, shall be automatically revived and CNB shall be entitled to receive and collect, and none of the Defendants shall oppose or challenge this claim against either of them, the full amount, less any payments made pursuant to this Agreement that has not been disgorged.

16. Attorney's Fees. Defendants shall reimburse CNB for all attorneys' fees and costs in connection with the defaults leading to this action and the enforcement of CNB's rights for breach of the Loan Agreements and in connection with this action, including any enforcement of this Agreement. In the event it becomes necessary to enforce this agreement, CNB shall be entitled to its reasonable attorneys' fees and costs from each Defendant.

17. Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original. This Agreement shall be binding upon the Parties and their respective heirs, successors, and assigns.

18. Continued Operation of Vessels. The Parties agree that, as consideration for this Stipulation, Crosby shall be able to resume and/or continue operation of the Vessels within the Gulf of America despite their arrest, on the terms outlined in the Parties' Unopposed Motion to Approve Stipulation, Transfer Substitute Custodianship, and Stay Proceedings for 90 Days, which shall be filed promptly upon execution of this Stipulation by all Parties.

**[Signatures on Following Pages]**

Exhibit 1

IN WITNESS WHEREOF, this Stipulation for Settlement, is executed as set forth below.

Crosby Marine Transportation, LLC

By _[signature]_, as its __Member__, date __1.30.26__

Crosby Dredging, LLC

By _[signature]_, as its __Member__, date __1-30-26__

Crosby Tugs, LLC

By _[signature]_, as its __Member__, date __1-30-26__

Crosby Enterprises, LLC

By _[signature]_, as its __Member__, date __1-30-26__

Kurt J. Crosby, individually

By _[signature]_, date __Member__

City National Bank of Florida

By _____, as its _____, date _____

10

Exhibit 1

IN WITNESS WHEREOF, this Stipulation for Settlement, is executed as set forth below.

Crosby Marine Transportation, LLC

By_____, as its __Member__, date __1.30.26__

Crosby Dredging, LLC

By_____, as its __Member__, date __1-30-26__

Crosby Tugs, LLC

By_____, as its __Member__, date __1-30-26__

Crosby Enterprises, LLC

By_____, as its __Member__, date __1-30-26__

Kurt J. Crosby, individually

By_____, date __Member__

City National Bank of Florida

By_____, as its _____, date_____

10

Exhibit 1